UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Jonathan E Ackerman,

    Petitioner,

v.

Mike Obenland,

    Respondent.

CASE NO. 3:21-cv-05110-JCC-DWC

ORDER

The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Petitioner initiated this action challenging his state court convictions and sentence. *See* Dkt. 1, 3. After review of the record, the Court directs Respondent to file a supplemental state court record and answer.

Petitioner is in custody under a state court judgment and sentence imposed for his conviction by guilty plea on one count of murder in the second degree. Dkt. 9, Exhibit 1, Judgment and Sentence, Thurston County Cause No. 16-1-01859-34. Petitioner raises one ground for relief alleging his due process rights were violated because the prosecutor's statements during sentencing breached the plea agreement to recommend a 240-month sentence.

ORDER - 1

Dkt. 3. On April 15, 2021, Respondent filed, and served on Petitioner, an Answer. Dkt. 8, 9. Respondent concedes the Petition is timely and that Petitioner exhausted his state court remedies. Dkt. 8 at 6. Respondent asserts the state court's adjudication of the sole ground raised in the Petition was not contrary to, or an unreasonable application of, clearly established federal law. Dkt. 8.

In general, considerations of fundamental fairness require that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262 (1971); *accord Gunn v. Ignacio,* 263 F.3d 965, 969 (9th Cir. 2001); *United States v. Mondragon,* 228 F.3d 978, 980 (9th Cir. 2000). To determine whether a plea agreement has been breached, courts consider what was "reasonably understood" by a defendant "when he entered his plea of guilty." *Gunn,* 263 F.3d at 970; *United States v. Serrano,* 938 F.2d 1058, 1061 (9th Cir. 1991). "[T]he construction of the plea agreement and the concomitant obligations flowing therefrom are, within broad bounds of reasonableness, matters of state law." *Ricketts v. Adamson,* 483 U.S. 1, 5 n. 3 (1987).

The Court has reviewed the Answer and finds relevant portions of the state court record, including the plea agreement, were not included in state court record provided to the Court. *See* Dkt. 8, 9. In order for the Court to properly consider the merits of Petitioner's sole ground for relief, the Court must review the plea agreement.

Therefore, the Court directs Respondent to file a supplemental state court record on or before July 16, 2021. The supplemental state court record should include the plea agreement and any additional state court records relevant to this Court's determination. Respondent may also file a supplemental answer limited to five pages addressing the supplemental state court record on or

ORDER - 2

before July 16, 2021. Petitioner may file a supplemental traverse addressing only the supplemental state court record and Respondent's supplemental answer limited to five pages on or before July 30, 2021. Respondent may file a supplemental reply on or before August 6, 2021.

The Clerk of Court is directed to re-note the Petition (Dkt. 3) for consideration on August 6, 2021.

Dated this 10th day of June, 2021.

_____
David W. Christel
United States Magistrate Judge